UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GRAY,

      Plaintiff,

v.

      Case No. 4:22-cv-11750
      District Judge F. Kay Behm
      Magistrate Judge Kimberly G. Altman

H.O. FLEMING and C/O D.
SALINAS,

      Defendants.

_____/

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT C/O D. SALINAS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 17)
AND
TO GRANT DEFENDANT H.O. FLEMING'S MOTION TO DISMISS
(ECF No. 20)[1]**

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Joseph

Gray (Gray), proceeding *pro se*, is suing H.O. Fleming (Fleming) and C/O D.

Salinas (Salinas). Salinas is a corrections officer who issued Gray a misconduct

ticket following an altercation between Gray and two other inmates. Fleming is a

hearing officer who presided over Gray's resulting misconduct hearing. *See* ECF

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 12).

Before the Court are Salinas' motion for summary judgment on the basis of exhaustion, (ECF No. 17), and Fleming's motion to dismiss for failure to state a claim, (ECF No. 20).  Gray filed a response to each motion.  (ECF Nos. 23, 26).  For the reasons set forth below, it is RECOMMENDED that both motions be GRANTED.  If the motions are granted, Gray's claims against Salinas will be DISMISSED WITHOUT PREJUDICE and his claims against Fleming will be DISMISSED WITH PREJUDICE.

## II.     Background

### A.     Misconduct Hearing Records

On December 14, 2021, Salinas issued Gray a Class I Misconduct Report for "Assault Resulting in Serious Physical Injury; Possession of a Weapon."  (ECF No. 17-2, PageID.73, 77).  Salinas wrote that she observed Gray strike "Prisoner Jones" in the head and body in a stabbing motion while "Prisoner McKnight" punched Jones in the head and body.  (*Id.*, PageID.77).  Following the altercation,

> [a]n 8 inch piece of wooden broom handle was recovered from the scene of the incident.  Based on video review, [Gray] is seen in possession of an unknown object striking [Jones] with a stabbing motion.  After health care evaluation, [Jones'] injuries were consistant [sic] with puncture wounds from a prisoner made weapon.

(*Id.*).

2

On December 22, 2021, the "hearing was conducted via webcam." (*Id.*,

PageID.73).  Gray entered a plea of not guilty.  (*Id.*).  The record consisted of the

following evidence:

1)   Misconduct Report
2)   Hearing Investigation Report
3)   Memorandum from Officer Watters
4)   Contraband Removal Record
5)   Memorandum from Grievance Coordinator (GC) Parsons
     Describing Video
6)   Video Surveillance
7)   Video Stills
8)   Photograph of Sharpened Piece of Wood
9)   Prisoner Injury Report – Prisoner Gray
10)  Prisoner Injury Report – Prisoner McKnight
11)  Prisoner Injury Report – Prisoner Jones
12)  Photographs of Prisoner Jones' Injuries
13)  OTIS Photograph – Prisoner Gray
14)  OTIS Photograph – Prisoner McKnight
15)  OTIS Photograph – Prisoner Jones
16)  Misconduct Sanction Screening Form

(*Id.*, PageID.73, 75).  "Exhibits 5 through 16 were determined to be confidential."

(*Id.*, PageID.73).  Additionally, before the hearing, Gray met with a hearing

investigator, but "did not request witnesses, submit questions, or request

evidence." (*Id.*).

Fleming watched video footage outside of Gray's presence, which

showed prisoners entering the vestibule, Prisoner Jones entered the
vestibule, Prisoner McKnight immediately followed behind him,
Prisoner McKnight started striking Prisoner Jones, they struggled at the
door, Prisoner Gray then pulled Prisoner Jones into the vestibule as he
began to strike him in a downward, stabbing motion to his back at the
same time Prisoner McKnight continued to strike him with his closed

fists, Prisoner McKnight stumbled and fell to the floor, Prisoner Gray pushed Prisoner Jones against the wall while continuing to strike him in a downward, stabbing motion, Prisoner McKnight jumped up and looked at approaching staff, he then lunged back at Prisoner Jones and began striking him again, Prisoner Jones attempted to exit the door, Prisoners Gray and McKnight pulled him back into the vestibule, Prisoners Gray and Jones fell to the floor, a sharpened piece of wood was observed on the floor where Prisoner Gray fell, Prisoner McKnight stepped on the weapon and slid it with his foot, he then lunged at Prisoner Jones, jumped on top of him, and continued to strike him, Prisoner Gray reached his arm out towards the sharpened piece of wood, additional staff approached the area, Prisoner McKnight resisted staff's attempts to remove him from on top of Prisoner Jones, and then eventually the prisoners were restrained and escorted from the area.

(*Id.*, PageID.75).  Gray "admitted the investigation report was accurate, he was asked what the altercation was about, he replied, 'Nothing', he was asked where he obtained the weapon, and then he told [Fleming] he had nothing else to say."  (*Id.*).

On January 21, 2022, Fleming issued a report finding Gray guilty on both charges.  (*Id.*, PageID.73).  Gray was given three months in segregation.

### B.    The Complaint

In his complaint, Gray admits that on December 14, 2021, he was involved in an altercation with two other prisoners.  (ECF No. 1, PageID.7).  However, Gray denies using "a knife" or any other weapon during the altercation.  (*Id.*).

Gray alleges that Salinas lied in the Class I Misconduct Report and when testifying at the subsequent hearing.  (*Id.*).  He further alleges that Fleming "grossly neglected her duties as [a] hearing officer" by finding him guilty even though the "evidence was not consistent with the accusations of the misconduct."

4

(*Id.*). As a result of Salinas' and Fleming's actions, Gray says he was improperly subjected to three months in segregation. (*Id.*).

### III. Legal Standards

#### A. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Gray is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## B.     Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

6

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV.    Discussion

A.    Salinas' Motion for Summary Judgment (ECF No. 17)

1.    Exhaustion Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record.  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."  *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused

8

from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

2.      Analysis

Here, Gray alleges that Salinas lied in the Class I Misconduct Report. Specifically, Salinas allegedly lied about Gray possessing a weapon during the altercation.  Salinas argues that Gray's claim was not properly exhausted.

"Courts in the Sixth Circuit have long held that when an inmate claims to have received a retaliatory misconduct ticket, the misconduct hearing process is the available administrative remedy."  *Walton v. Meehan*, No. 2:22-cv-14, 2023 WL 3325020, at *3 (W.D. Mich. Apr. 10, 2023) (citing *Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011)), *report and recommendation adopted*, 2023 WL 3318609 (W.D. Mich. May 9, 2023); *see also Ingram v. Zamenski*, No. 22-10434, 2023 WL 2623152, at *6 (E.D. Mich. Mar. 7, 2023) ("Following *Siggers*, courts have generally recognized that challenges to misconduct reports are 'non-grievable' issues that can only be raised in a misconduct hearing.") (citing cases), *report and recommendation adopted*, 2023 WL 2619047 (E.D. Mich. Mar. 22, 2023).  For example, "[i]f the inmate claims he received a retaliatory Class I

Misconduct, he must raise the retaliation issue at the initial hearing and then submit a Request for Rehearing raising the same issue." *Walton*, at *3.

Here, Gray says in his complaint that he did not file a grievance because "issues that are directly related to the hearing process are nongrievable." (ECF No. 1, PageID.11).[2]  While Gray is correct that he could not have filed a successful grievance against Salinas for fabricating the Class I Misconduct Report, he fails to account for the fact that he never raised the issue at the hearing.  Fleming noted in the hearing report that when meeting with a hearing investigator Gray "did not request witnesses, submit questions, or request evidence." (ECF No. 17-2, PageID.73).  He also did not say anything about the report being fabricated at the hearing. (*Id.*, PageID.75).

In sum, Gray's claims against Salinas were not properly exhausted because he failed to allege during the hearing process that Salinas lied in the Class I Misconduct Report.  As such, Gray's claims against Salinas should be dismissed without prejudice for failure to exhaust.

### B.    Fleming's Motion to Dismiss (ECF No. 20)

#### 1.    Judicial Immunity

Fleming first argues that Gray's claims against her should be dismissed

---

[2] Somewhat contradictorily, Gray says in his response to Salinas' motion that his grievance form was destroyed and that he was denied a new form. (ECF No. 23, PageID.169, 171-172).

10

because she is entitled to judicial immunity.

> In *Shelly v. Johnson*, 849 F.2d 228, 229–30 (6th Cir. 1988) (per curiam), [the Sixth Circuit] held that Michigan prison hearing officers are entitled to "absolute immunity from liability with respect to their judicial acts."   The doctrine of judicial immunity protects judicial officers from suits seeking money damages and applies even in the face of "allegations of bad faith or malice."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).   Judicial immunity is overcome in only two circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* at 11–12 (citations omitted).

*Reynolds-Bey v. Harris*, 428 F. App'x 493, 498 (6th Cir. 2011) (internal parallel citations omitted); *see also Hardrick v. Mohrman*, No. 2:20-cv-257, 2021 WL 222175, at *4 (W.D. Mich. Jan. 22, 2021) ("The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity from damages in relation to actions within the officer's authority.").

"Here, [Fleming] was clearly acting in her 'judicial' capacity—presiding over a hearing and authoring a hearing report."  *Reynolds-Bey*, 428 F. App'x at 498; *see also Mireles*, 502 U.S. at 12 (holding that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in [her] judicial capacity" (cleaned up)).  As a hearing

11

officer, Fleming "was well within her jurisdiction to make a determination on the Major Misconduct Report and to include in her hearing report any allegations or factual findings she thought relevant." *Reynolds-Bey*, 428 F. App'x at 498. Further, even if Fleming's finding that Gray possessed a weapon "was made in bad faith, she is still entitled to absolute immunity." *Id.* at 499.

Ultimately, Fleming was acting in a judicial capacity when considering and ruling on Gray's Class I Misconduct Report.  She had jurisdiction under Michigan law to do so. *Hardrick*, 2021 WL 222175, at *4.  "Therefore, [Fleming] is entitled to absolute immunity from suit." *Reynolds-Bey*, 428 F. App'x at 499.

### 2. Eleventh Amendment Immunity

Fleming next argues that she is entitled to Eleventh Amendment Immunity to the extent Gray is suing her in her official capacity.  The undersigned agrees. "Indeed, claims against defendants in their official capacities, *i.e*[.], in their capacity as agents of the state under 42 U.S.C. § 1983, are generally subject to dismissal on the basis of the immunity granted by the Eleventh Amendment." *Oliver v. Vasbinder*, No. 08–11768–BC, 2010 WL 779178, at *5 (E.D. Mich. Mar. 4, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  As such, Gray cannot proceed with claims for monetary damages against Fleming in her official capacity.

3.      Unavailability of Injunctive Relief

Gray also requests that the "false misconduct" be removed from his prison record, which can be interpreted as a request for injunctive relief.  (ECF No. 1, PageID.8).  However, as Fleming correctly argues, Gray cannot obtain injunctive relief against her "because, under the 1996 amendments to [§ 1983], injunctive relief 'shall not be granted' in an action against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.' "  *Hardrick*, 2021 WL 222175, at *4 (quoting 42 U.S.C. § 1983).  Here, Gray "does not allege that a declaratory decree was violated or that declaratory relief was unavailable."  *Hardrick*, at *4. As such, he cannot obtain any injunctive relief.  *See id.*

V.      Conclusion

For the reasons stated above, it is RECOMMENDED that Salinas' motion for summary judgment on the basis of exhaustion, (ECF No. 17), and Fleming's motion to dismiss, (ECF No. 20), be GRANTED.  If the motions are granted, Gray's claims against Salinas will be DISMISSED WITHOUT PREJUDICE and his claims against Fleming will be DISMISSED WITH PREJUDICE.

Dated: October 11, 2023                    s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge

13

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without

14

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2023.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager